UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CIV 5593**

------------------------------------------------------------X   Case No.

MAIA DEROCHE,

        Plaintiff,       **COMPLAINT**

- against -

        **PLAINTIFF DEMANDS
        A TRIAL BY JURY**

METROPOLITAN OPERA ASSOCIATION, INC., and
ELISSA IBERTI, *Individually*,

        Defendants
------------------------------------------------------------X



Plaintiff, MAIA DEROCHE, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to **Title VII of the Civil Rights Act of 1964**, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), and the **New York City Human Rights Law**, New York City Administrative Code § 8-502(a), *et. seq.*, and seeks damages to redress the injuries Plaintiff has suffered as a result of being **discriminated against**, retaliated against, severely humiliated, mentally anguished, and emotionally and physically distressed by her employer solely due to her **Pregnancy and Gender**.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district in that a substantial part of the events or omissions giving

rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. §1391(b).

## PROCEDURAL PREREQUISITES

4. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

5. Plaintiff received a Notice of Right to Sue from the EEOC, dated May 13, 2013, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

6. This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

7. That at all times relevant hereto, Plaintiff MAIA DEROCHE ("DEROCHE") is a resident of the State of New Jersey, County of Passaic.

8. That at all times relevant hereto, Defendant METROPOLITAN OPERA ASSOCIATION, INC. ("MET"), is a domestic not-for-profit corporation with its principal place of business located at Lincoln Center, New York, New York 10023.

9. That at all times relevant hereto, Plaintiff DEROCHE was an employee of Defendant MET.

10. Upon information and belief, at all times material Defendant ELISSA IBERTI ("IBERTI") was and is a resident of the State of New York.

11. That at all times relevant hereto, Defendant ELISSA IBERTI ("IBERTI") was an employee of Defendant MET, and was the Assistant Costume Shop Head.

12. That at all times relevant hereto, Defendant IBERTI was Plaintiff DEROCHE's direct supervisor and/or had supervisory authority over Plaintiff DEROCHE.

13. Defendant MET, and Defendant IBERTI are collectively referred to herein as

"Defendants."

## MATERIAL FACTS

14. In or about August 2005, Plaintiff DEROCHE commenced employment with Defendant MET.

15. Since 2010, Plaintiff DEROCHE held the positions of "Production Supervisor," and "Auxiliary Shop Manager," earning $38 per hour.

16. Throughout her employment with Defendants, Plaintiff DEROCHE was an exemplary employee, and received compliments regarding her work performance.

17. **However, everything changed once Plaintiff DEROCHE notified Defendants that she was pregnant.**

18. On March 12, 2012, Plaintiff DEROCHE happily announced to her office that she was expecting a child in September 2012.

19. To reduce the burden on the office, Plaintiff DEROCHE started to train three different people to assume her position for her three-month maternity leave.

20. Citing challenges in working with Defendant IBERTI, the two female candidates dropped out of contention for the temporary position. Kevin Thacker eventually agreed to take over for Plaintiff DEROCHE while she went on maternity leave with the expectation that she would resume full job functions on January 7, 2013.

21. Plaintiff DEROCHE gave birth to her son on September 22, 2012.

22. On or about October 18, 2012, Defendant IBERTI phoned Plaintiff DEROCHE to inform her that she was terminated, citing a lack of work for the Plaintiff upon her estimated return.

23. Defendant IBERTI further informed Plaintiff DEROCHE that her temporary replacement,

Mr. Thacker, would only work through the end of the year and that he would no longer have work after the new year.

24. Much to Plaintiff DEROCHE's shock and distress, she soon discovered that **Mr. Thacker continued his employment with Defendant MET even after the new year, assuming Plaintiff DEROCHE's position entirely less than one month after the birth of her son.**

25. **Defendant IBERTI treated male employees differently, from the way she treated female employees.** While Defendant IBERTI, was nurturing, supportive and took keen interest in the work and development of male employees, she was overly critical, condescending and unsupportive to female employees.

26. By way of example, male employees who sought guidance with the execution of tasks were given instruction, while female employees were berated, demeaned and advised to complete the tasks on their own.

27. **But for the fact that Plaintiff DEROCHE was pregnant, Defendants would not have treated her differently and would not have terminated her employment.**

28. Plaintiff DEROCHE felt offended, disturbed, and humiliated by the blatantly unlawful and discriminatory termination.

29. Defendants' actions with respect to the termination of Plaintiff DEROCHE's employment clearly demonstrate that Plaintiff DEROCHE's work performance played no role whatsoever in her termination.

30. **Rather, Defendants made a conscious and calculated decision to terminate Plaintiff DEROCHE's employment due on the basis of her pregnancy and gender.**

31. Plaintiff DEROCHE has been unlawfully discriminated against, was humiliated, retaliated against, has been degraded and belittled; and as a result suffers loss of rights, emotional

distress, loss of income, earnings and physical injury.

32. Plaintiff DEROCHE's performance was, upon information and belief, above average during the course of employment with Defendants.

33. **Defendants' actions and conduct were intentional and intended to harm Plaintiff DEROCHE.**

34. As a result of Defendants' actions, Plaintiff DEROCHE feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

35. As a result of the acts and conduct complained of herein, Plaintiff DEROCHE has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

36. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

37. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

39. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful

5

employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's pregnancy and gender.

40. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her pregnancy and gender.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII (Not Against Individual Defendant)

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

43. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

44. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

45. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of

6

the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

46. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by discriminating against Plaintiff because of her pregnancy and gender.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

47. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

49. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

50. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person

because such person has opposed any practices forbidden under this chapter. . ."

52. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

55. Defendants violated the section cited herein as set forth.

### AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

56. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.
    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

8

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        1. the employee or agent exercised managerial or supervisory responsibility; or

        2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

    c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

76. Defendants violated the section cited herein as set forth.

## INJURY AND DAMAGES

77. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will

9

continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

## JURY DEMAND

78. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.* and The New York City Administrative Code, §8-107 *et. seq.*, and that Defendants discriminated against, and retaliated against, Plaintiff on the basis of her pregnancy and gender;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally in an

amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
      August 9, 2013

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**

                                        */s/ Marjorie Mesidor*
                                        Marjorie Mesidor, Esq. (MM1978)
                                        *Attorneys for Plaintiff*
                                        45 Broadway, Suite 620
                                        New York, NY 10006
                                        (212) 248-7431
                                        MSharpe@tpglaws.com

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Maia DeRoche<br>674 East 27th Street<br>Paterson, NJ 07504 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2013-01627 | Austin F. Turner,<br>Investigator | (212) 336-3750 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. *(The time limit for filing suit based on a claim under state law may be different.)*

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)     _Kevin Berry_     5/13/13
               Kevin J. Berry,     *(Date Mailed)*
               District Director

cc:     Director<br>Director of Human Resources<br>THE METROPOLITAN OPERA<br>Lincoln Center Plz<br>New York, NY 10023         Attn: Marjorie M. Sharpe<br>Phillips & Associates, PLLC<br>30 Broad Street, 35th Floor<br>New York, NY 10004